PER CURIAM.
 

 Jacqueline Medina filed a four-count complaint against her step-brother, David Share. The first three counts involve a trust their parents had formed. In those counts, Medina sued Share for breach of
 
 *706
 
 trust arising from his conduct as a co-trustee, for an order compelling him to cooperate in the distribution of her share, and, as an alternative to the second count, to remove him as a trustee. In the final count, Medina sought to recover on a defaulted note. Share denied the allegations, asserted affirmative defenses, and counterclaimed. Medina moved for summary judgment. Both parties submitted affidavits and exhibits. The circuit court granted summary final judgment on all four counts. We reverse on the Trust related counts.
 

 While Share appears to have breached his duties to Medina, the extent of such breaches and the damages incurred were disputed issues of material fact. For example, the damages were calculated as half the present value of the money Share withdrew from the trust, with such withdrawals constituting the breaches. But, in making her list of withdrawals, Medina included one withdrawal for $10,000 that was not supported by any of the bank records.
 

 Additionally, Medina included in her damage calculations several withdrawals which Share contends Medina authorized. For example, Share averred that Medina knew about a $10,000 wire transfer to South Africa, as they had discussed it prior to the transaction, and another $5,000 withdrawal was a disbursement to Medina.
 

 Further, Share asserted that Medina was with him when they received a disbursement check for $1,264.39, which they subsequently deposited into the Trust’s checking account. Share also averred that $61,679.31 of the money withdrawn from a Wachovia investment account went into the checking account. The checking account records that Medina provided as an exhibit are incomplete because several months of statements are missing. It is thus possible that Share deposited that money in the checking account. Share also averred that $18,000 of the money he withdrew was his compensation as trustee.
 

 In sum, as to the counts relating to the Trust, the record demonstrates that “the facts are [not] so crystallized that nothing remains but questions of law.”
 
 Craven v. TRG-Boynton Beach, Ltd.,
 
 925 So.2d 476, 480 (Fla. 4th DCA 2006). Both parties’ affidavits and their exhibits created significant factual disputes concerning the extent of Share’s breaches of trust and the damages for those breaches.
 

 We affirm that portion of the summary judgment on the defaulted note. Share’s defense of accord and satisfaction fails as a matter of law. “Discharge of a claim by accord and satisfaction means ‘a discharge by the rendering of some performance different [in content] from that which was claimed as due and the acceptance of such performance by the claimant as full satisfaction of his claim.”
 
 Jacksonville Elec. Auth. v. Draper’s Egg & Poultry Co.,
 
 557 So.2d 1357, 1358 (Fla.1990) (emphasis added) (quoting 6 A. Corbin,
 
 Corbin on Contracts
 
 § 1276 (1962)). Share rendered no performance which would have discharged his obligation to repay the amount owed on the note plus interest.
 

 Ajfimied in part, reversed in part, and remanded.
 

 GROSS, C.J., FARMER and STEVENSON, JJ., concur.